Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| BRANDIE VARGAS, an Individual, PAMELA SMITH, an Individual, MARA HERRERA, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>ASANTE ROGUE REGIONAL MEDICAL CENTER, LLC, a corporation, ASANTE THREE RIVERS MEDICAL CENTER, LLC, a corporation, and ASANTE, dba ASANTE HEALTH SYSTEM, a corporation,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $625,979.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COME NOW, Plaintiffs, through counsel, and file this Complaint for Damages against the above-named Defendants. Plaintiffs allege as follows:

### INTRODUCTION

This case grapples with the ongoing controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation. At its core, this case is about the Plaintiffs and the unlawful discrimination they suffered at the hands of their employer, Asante (herein, "Defendants" or "Asante").

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiffs lived and worked in Jackson County, Oregon at all times material to this Complaint. Defendants are corporations with more than 500 employees that do regular, sustained business activity in the State of Oregon. Plaintiffs exhausted their administrative remedies through the U.S. Equal Employment Opportunity Commission and have timely filed this Complaint.

2.

At all material times, Plaintiffs were residents of Jackson County, Oregon and worked in Jackson County, Oregon.

3.

At all material times, Defendants Asante was regularly conducting business in the State of Oregon, specifically at the Asante Rogue Regional Medical Center facility and Asante Three Rivers Medical Center facility.

4.

Plaintiffs seek a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities. Plaintiffs were exposed to the harsh realities of the pandemic on a daily basis, including the risk they may get infected with the virus. This was especially true at the start of the pandemic, when PPE supplies were low, and reusing PPE was a necessity.

6.

Like so many health care workers during the pandemic, Plaintiffs adjusted their lives to best ensure the safety of patients and colleagues. Plaintiffs scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), testing for COVID-19, hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

7.

In the summer of 2021, Plaintiffs were notified that the Defendants would be implementing and enforcing a vaccine mandate in the workplace. Plaintiffs were informed that those individuals with religious and/or medical conditions preventing them from taking the vaccine could apply for exemptions to the vaccine mandate. At every turn, the Plaintiffs' efforts to assert their rights were stymied by the lawless conduct by the Defendants. Their individual stories are below.

8.

**BRANDIE VARGAS**

Plaintiff Brandie Vargas was employed for approximately seventeen years by Asante as a Certified Nursing Assistant (CNA) at Rogue Regional Medical Center, in Medford, Oregon. Plaintiff Vargus consistently received top performance reviews and trained all new hires in inpatient rehabilitation from 2008-2010 and in short stay surgery from 2011-2021.

9.

Plaintiff Vargus is a Christian with deeply held beliefs and she is a believer and follower of Jesus Christ. Her moral, ethical and Biblical beliefs prevented her from taking any of the available COVID-19 vaccines. As such, when the COVID-19 vaccine was mandated for all workers at Asante, Plaintiff Vargus submitted her request for a religious exception, anticipating that it would be granted, and that she would be accommodated in her job. Plaintiff Vargus did not want to use the Oregon Health Authority form, but submitted notarized affidavits, which were eventually accepted.

10.

Asante denied Plaintiff Vargus's request and placed her on unpaid leave on October 15, 2021. She was told that if she did not become vaccinated, she would be terminated on October 31st. Plaintiff Vargus received her termination letter on November 2, 2021, after seventeen years of service.

11.

Prior to her termination, Plaintiff Vargus was subjected to a hostile work environment. This began in 2016 when Plaintiff Vargus did not want to room a patient that had come in for an abortion and asked someone else to help. Plaintiff Vargus was forced to room the patient but found out soon after that Asante's policy was that staff were to be accommodated for religious beliefs. After that, Plaintiff Vargus was mocked, laughed at, and talked about due to her religious beliefs. Plaintiff Vargus continued to experience frequent unkind comments, making it difficult and hostile in her workplace. When the pandemic began in early 2020, Plaintiff Vargus was wearing a mask, as required by Asante's policy, for those staff during flu season that did not get a flu shot. She was told to remove her mask by her manager, who stated "you know it doesn't do anything anyway, right?" For the next several weeks, all staff in the Short Stay Unit were forbidden to wear a mask. Several staff asked management if they could buy their own masks for their protection from COVID-19 but were repeatedly told they could not. Eventually, one of the doctors purchased pizza for the staff, but left a note stating, "no mask, no pizza." Several staff members, including Plaintiff Vargus, got a mask and got pizza. When the manager saw staff members wearing masks, she became very angry. The next day, all staff were told they were required to wear masks and would be provided with one surgical mask daily.

12.

Plaintiff Vargus was repeatedly subjected to rude, hostile, and insensitive comments by her manager, including being called a racist and a tinfoil hat wearer. Her manager also threatened Plaintiff Vargus and told her that she was "going to take her out." Plaintiff Vargus reported her

manager to Human Resources, but nothing changed. She reported her manager again after she was terminated, to let them know that bullying was a serious issue in the Short Stay Unit, not just from the manager, but from several other staff, who made hostile remarks in front of both staff and patients. The manager also expressed her anger about patients requesting their spiritual support person to pray with the patient prior to surgery, as she saw this as a person using their religion to get a visitor, when others were denied visitors.

13.

By August 2021, Plaintiff Vargus was under extreme stress at work, and missed a few days from work at the end of August due to ocular migraines caused by the stress she was under. Plaintiff Vargus's Nurse Practitioner wrote her a note for work, stating that she should not return until October 1, 2021, to give time for Plaintiff Vargus to rest and heal.

14.

Plaintiff Vargus lost not only her income, but her medical, dental and vision benefits, retirement, and vacation accrual. She was forced to cash in her retirement account to pay her bills. She has not returned to work and had begun the process of healing from years of abuse for her religious beliefs. Prior to being placed on unpaid leave, Plaintiff Vargus earned an annual salary of approximately $48,000, plus benefits. Plaintiff Vargus received a right to sue letter from the EEOC on September 18, 2023.  Plaintiff Vargus has incurred economic damages of at least $215,979.00 in past and future wage loss and benefits, and non-economic damages in the amount of $450,000 or an amount to be determined at trial.

15.

**PAMELA SMITH**

Plaintiff Pamela Smith was employed by Asante for approximately ten years as an Acute Care Physical Therapist at Rogue Regional Medical Center in Medford, Oregon. Plaintiff Smith earned the highest accolades for her performance at work, including receiving "top performer" status and received commensurate pay raises based on her performance. She was respected for her

work ethic, efficiency, quality patient care, attitude, and ability to get along well with patients and colleagues.

16.

As a Christian, Plaintiff Smith believes profoundly in the sanctity of life and was unwilling to negate these beliefs to take any of the available COVID-19 vaccines, as they had been tested or manufactured using aborted fetal cells. Plaintiff Smith submitted a request for a religious exception believing it would be accepted by Asante, with accommodation made which would allow her to continue to work. Asante accepted her exception request, but instead of allowing her to work, she was placed on unpaid leave on October 18, 2021. Up until 5 p.m. on October 17, 2021, Plaintiff Smith was a vital and high performing employee, following all PPE guidelines, and had treated over seventy COVID-19 positive patients over eighteen months. Suddenly, she was no longer allowed on the premises except as a patient or visitor. Plaintiff Smith was forced to leave the job and coworkers she loved, and worst of all, the patients were left with limited staffing to get their much-needed physical therapy. Plaintiff was administratively terminated on April 30, 2022.

17.

Plaintiff Smith and her family contracted COVID-19 toward the end of August 2021. Upon her return to work after quarantine, Plaintiff Smith was shocked and surprised to see the discrimination in the looks, attitudes, and conversations of some of her colleagues. She overheard derogatory comments about her unvaccinated status, even though she was now naturally immunized.

18.

Plaintiff Smith was the sole provider for her family of five. She lost her beloved job, friendships and interactions with her coworkers, and the opportunity to fulfill her calling to support, care for, and serve patients. In addition to losing her income, Plaintiff Smith lost medical coverage and other benefits for her family. Plaintiff Smith and her family were forced to sell their

home of twenty years and move out of state, where Plaintiff Smith could obtain a job where her religious beliefs were respected, her accommodation accepted, and she would be allowed to work. Unfortunately, Plaintiff Smith's husband became seriously ill, necessitating Plaintiff Smith to stay home and leaving the family to deal with no health insurance. If Plaintiff Smith's religious beliefs had been accommodated by Asante, as other healthcare systems and hospitals in Oregon were allowing, she would still be employed by Asante, would have family medical insurance, and would have been able to take Family Leave to care for her husband. The loss of Plaintiff Smith's job has caused her tremendous mental and emotional distress, including anxiety and depression. Prior to Plaintiff Smith's unpaid leave and termination, she earned an hourly wage of $54.00, for an annual salary of approximately $109,000.00, plus benefits. Plaintiff Smith received a right to sue letter from the EEOC on August 23, 2023. Plaintiff Smith has incurred economic damages of at least $300,000.00 in past and future wage loss and benefits, and non-economic damages in the amount of $500,000 or an amount to be determined at trial.

19.

**MARA HERRERA**

Plaintiff Mara Herrera was employed by Asante for over fifteen years as a Staffing Scheduling Specialist at Three Rivers Medical Center in Grants Pass, Oregon. Plaintiff Herrera consistently received excellent performance reviews and awards from her managers for the great job she did.

20.

When the COVID-19 vaccine mandate was imposed, Plaintiff Herrera applied for both medical and religious exceptions, although she was told by her supervisor that it didn't matter what she submitted, she would not be allowed to work after October 18, 2021. Plaintiff Herrera has anaphylactic reactions to vaccines, so she is unable to receive them, and has deeply held Christian beliefs against taking the available COVID-19 vaccines due to the use of aborted fetal

cells in their testing or manufacture. Plaintiff's exceptions were granted, but she was not allowed to work, per Asante's vaccine mandate policy.

21.

Plaintiff Herrera was so upset and stressed knowing that she would not be allowed to work, even though she was granted both exceptions, that she developed anxiety, stress-related high blood pressure and insomnia. Plaintiff Herrera applied for Family Medical Leave, which was granted, and she also received ADA (Americans with Disabilities Act) leave, both unpaid, which ran concurrently. She was placed on unpaid leave on September 20, 2021, and was terminated on April 30, 2022. Plaintiff Herrera received a right to sue letter from the EEOC on August 23, 2023. Plaintiff Herrera has incurred economic damages of at least $110,000.00 and non-economic damages of $100,000.00 or an amount to be determined at trial.

22.

The Defendants unlawful behavior included failing to accommodate the Plaintiffs' religious beliefs in any meaningful way and unlawfully terminating them. Additionally, Plaintiffs were subjected to a hostile work environment because of their religious beliefs.

23.

The Defendants have yet to explain why, in their view, after nearly two years of being able to work without incident during the pandemic, Plaintiffs' presence suddenly created an unacceptable health and safety risk necessitating them being terminated.

24.

Upon information and belief, the Defendants adverse employment actions against Plaintiffs were not to protect against an "unacceptable health and safety risk." Instead, those actions were discriminatory against Plaintiffs based on their sincerely held religious beliefs. There were reasonable accommodations available to the Defendants that would not have caused an undue burden that they failed to pursue. Instead, they took the most drastic employment action they could against Plaintiffs with an unlawful discriminatory intent.

## FIRST CLAIM FOR RELIEF
### (Unlawful Employment Discrimination Based on Religion in Contravention of Or. Rev. Stat. § 659A.030)

25.

Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

26.

Plaintiffs are a member of a protected class on the basis of their devout and sincerely held religious beliefs.

27.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendants' COVID-19 vaccine mandate.

28.

When Plaintiffs raised their well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendants failed to make a good faith effort to accommodate Plaintiffs' religious beliefs. It would not have been an undue hardship to have allowed Plaintiffs to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

29.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendants engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful termination. The unlawful discrimination against Plaintiffs' religion by Defendants as outlined above was a proximate cause of Plaintiffs' wrongful termination.

30.

As a result of Defendants' violation of O.R.S. 659A.030(1)(A), Plaintiffs have been damaged in an amount of no less than $625,979.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial

for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

### SECOND CLAIM FOR RELIEF
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)**

31.

Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

32.

Plaintiffs are a member of a protected class on the basis of their devout and sincerely held religious beliefs grounded in Christianity.

33.

Plaintiffs' sincerely held religious beliefs conflicted with the Defendants' COVID-19 vaccine mandate.

34.

When Plaintiffs raised their well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendants failed to make a good faith effort to accommodate Plaintiffs' religious beliefs. It would not have been an undue hardship to have allowed Plaintiffs to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

35.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendants engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful termination. The unlawful discrimination against Plaintiffs' religion by Defendants as outlined above was a proximate cause of Plaintiffs' wrongful termination.

36.

As a result of Defendants' unlawful discrimination, Plaintiffs have been damaged in an

amount to be determined at trial, but that exceeds $625,979.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants and seek the following relief:

1. A judgment in favor of Plaintiffs and against Defendants on both claims in an amount to be determined at trial but exceeding $625,979.00.

2. Plaintiffs seek a trial by Jury on all claims to which Plaintiffs are entitled to a jury trial.

3. Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 20th day of November, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff